UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DISABLED PATRIOTS OF AMERICA, INC., ET AL.,

        Plaintiffs,

v.

FELCOR/JPM TROY HOTEL, L.L.C.,

        Defendant.

Case number 04-73035
Honorable Julian Abele Cook, Jr.

## ORDER

In this lawsuit, the Plaintiffs, Disabled Patriots of America and Efrem Walker, complain that the Defendant, FelCor/JPM Troy Hotel, L.L.C. ("FelCor"), operated and maintained a hotel facility which has failed to provide disabled individuals with, among other things, accessible parking, guest rooms, and path of travel, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. On May 2, 2005, FelCor filed a motion in which it requested the Court to stay all discovery pending a resolution of its motion for summary judgment, which was filed on February 9, 2005.

In 2003, the Sixth Circuit Court of Appeals declared that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003); *see also Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005)(district court did not abuse its discretion in ordering stay of discovery prior to resolving parties' motions for summary judgment).

According to one district court,

> It is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990).

In this case, FelCor asserts that its summary judgment motion challenges the Plaintiffs' standing in this litigation. Here, as in any other case, the Court must address a plaintiff's standing as a threshold jurisdictional issue. This conclusion follows a decision by the Sixth Circuit in 2004, in which it emphatically stated: "Jurisdiction, including standing, is 'assessed under the facts existing when the complaint is filed.'" *American Civil Liberties Union of Ohio, Inc. v. Taft*, 385 F.3d 641, 645 (6th Cir. 2004) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570 n. 4, *cert. denied,* 535 U.S. 971 (1992))..

Based on an evaluation of the record, it is the opinion of this Court that (1) FelCor's request is appropriate under the circumstances and (2) the interests of judicial economy will best be served by a stay in discovery pending a resolution of the standing issue. If the Defendants' motion for summary judgment is determined to be meritorious, the Plaintiffs' discovery requests will become moot. On the other hand, if FelCor's dispositive motion is rejected by the Court, the Plaintiffs will be entitled to pursue their discovery expeditiously in accordance with the applicable rules of civil procedure.[1] Furthermore, the imposition of a stay in these proceedings will not result in any undue prejudice to the Plaintiffs.

---

[1] FelCor has represented to the Court that it will not oppose an extension of the scheduling order to permit the Plaintiffs to have additional time in which to conduct discovery if its motion for summary judgment is denied.

Accordingly, the Court will grant FelCor's request to stay discovery in this case pending the resolution of the pending summary judgment motion. The Court also directs the Plaintiffs to file a response to FelCor's dispositive motion within two weeks of the date of this Order.[2]

IT IS SO ORDERED.

DATED:   June 2, 2005                                     s/ Julian Abele Cook, Jr.
         Detroit, Michigan                                JULIAN ABELE COOK, JR.
                                                          United States District Judge

---

[2] The Plaintiffs have not filed a response to FelCor's motion for summary judgment as of the date of this Order. The record reflects that the Court has previously entered two orders to stay this case in an effort to allow the parties to engage in settlement discussions. According to a letter from FelCor's counsel (dated May 2, 2005), the parties are continuing to pursue an amicable resolution of their differences.

<u>Certificate of Service</u>

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 2, 2005.

<u>s/ Kay Alford</u>
Courtroom Deputy Clerk
